**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOTY QUANSAH, | CASE NO. 1:06-cv-00359-AWI-DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 1) |
| KERN COUNTY JAIL COMMANDER, et al., | |
| Defendants. | |

I.  Order

    A.  Screening Requirement

Plaintiff, Koty Quansah ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 30, 2006. On February 15, 2007, this court issued a findings and recommendation of dismissal without prejudice for failure to exhaust administrative remedies, which is hereby vacated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    Plaintiff's Claims

Plaintiff is currently an inmate at McRae Correction Facility. The events at issue in the instant action allegedly occurred at the Kern County Jail, where plaintiff was housed during transfer from the Los Angeles M.D.C.. Plaintiff names as defendants "the Jail Commander (Kern County Jail)" and "the Sheriff (Kern County)" ("defendants") and alleges that his rights under the Fourth Amendment were violated. Plaintiff is seeking money damages and declaratory relief.

As plead, the events complained of, neither state cognizable claims, nor rise to the level of constitutional violations. The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth *for each defendant*, as briefly as possible, what action that defendant took or failed to take and why.  In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable.  Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

          1.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff has named only two defendants – the Kern County Jail Commander and the Kern County Sheriff.  However, in his statement of claim, plaintiff does not allege that any action was done by either the Jail Commander or Sheriff.  Rather, plaintiff refers to "other staff members" and "staff.  In order to proceed under section 1983, plaintiff must allege sufficient facts to support a claim that *each* defendant named in the complaint either acted or failed to act in a manner that was adverse to plaintiff.  Plaintiff is cautioned that in his amended complaint, he

must clearly identify what actions or omissions led to the violation of his rights and *which defendants* were responsible for the acts or omissions.

### 2. Fourth Amendment –Reasonableness of Body Searches

The reasonableness of searches and seizures by prison officials should be analyzed in light of the factors set forth in Turner v. Safley, 482 U.S. 78 (1987). See Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997); Walker v. Sumner, 917 F.2d 382, 385 (9th Cir. 1990); Michenfelder v. Sumner, 860 F.2d 328, 331 (9ht Cir. 1988). The Supreme Court in Turner held that a prison regulation that infringed on constitutional rights "is valid if it is reasonably related to legitimate penological interests." In determining whether a prison regulation is reasonably related to a legitimate penological interest, the court should consider the following factors: (1) whether there is a valid, rational connection between the regulation and the interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests. See Turner at 89-91. Prison officials must present evidence that a search served a legitimate penological interest. See Walker v. Sumner, 917 F.2d 382, at 386-88. This standard should be utilized if plaintiff intends to allege that the search of which he complains was based on a prison regulation.

Prisoners retain a very limited Fourth Amendment right to shield themselves from being observed nude. This right is not violated if guards only make casual observations of the prisoner or if the observations are made from a distance. Generally, strip searches do not violate the Fourth Amendment rights of prisoners. Strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," however, may be unconstitutional. Routine visual body cavity searches, do not violate prisoners' Fourth Amendment rights. See Michenfelder v. Sumner, 860 F.2d 328, 332-34. For example, in Michenfelder the Court held there was no violation of prisoners' Fourth or Eighth Amendment rights where routine body cavity searches were conducted every time an inmate left or returned to the unit, at the end of the tier's hallway, completely nude, in front of a barred gate behind which the guards conducting the

searches stand which was visible to the tier's other prisoners whose cell doors open onto the corridor, through a small window to guards controlling the cell doors from the "lock box" located in the main corridor outside the tier, and indirectly by officers in a room with video screens for monitoring activity on the tiers by means of video cameras located at either end of the hallways.

"A prison has a compelling and uncontroverted interest in preventing the introduction into or the transporting throughout the prison of contraband and in maintaining order in the institution. A prisoner has a very limited reasonable expectation of privacy in regard to a search of his person. There is no requirement that a search be supported by either probable cause or reasonable suspicion; instead the relevant inquiry is whether under all of the circumstances the search was reasonable. And the determination of reasonableness depends, as it does in any Fourth Amendment case, on the specific facts presented. In particular, a court "must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." People v. Collins 115 Cal.App.4th 137, 154-55 (2004) citing Bell v. Wolfish 441 U.S. 520, 559 (1979).

Plaintiff alleges that he and other prisoners were placed in a room where they apparently underwent visual body cavity searches in the presence of other prisoners and other staff members. As stated, this factual scenario is insufficient for the search to have violated plaintiff's Fourth Amendment rights.

3. <u>Eighth Amendment – Cruel and Unusual Punishment</u>

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure

of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Under federal notice pleading standards, plaintiff's allegations are insufficient to state a claim against either of the defendants. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

Although prison officials may conduct reasonable body searches of prisoners, the Eighth Amendment protects inmates from repetitive and harassing searches. Hudson v. Palmer, 468 U.S. 517, 530 (1984).

In this case, plaintiff has alleged only one incident of what appears to be a visual body cavity search of multiple inmates in a room with various unnamed prison "staff" present which had a "psychological impact" on plaintiff. Plaintiff fails to make any allegations as to whether the search was conducted in a malicious or sadistic fashion. These allegations are insufficient to rise to the level of cruel and unusual punishment under the Eighth Amendment.

    4.  <u>Supervisory Liability Claim</u>

  Plaintiff has named the Kern County Jail Commander and Sheriff as the only defendants in this case. However, he has failed to state what if any actions each of these persons engaged in so as to violate plaintiff's constitutional rights. Thus, it appears that plaintiff's allegations against these two named defendants are based on their supervisorial roles at the Kern County Jail.

  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

  Although plaintiff names the Kern County Jail Commander and Sheriff as defendants, plaintiff has not alleged any facts that give rise to a claim for relief under section 1983 against either of these persons. Plaintiff merely states that he was one of approximately twelve prisoners required to submit to a visual body cavity search in a room in the presence of each other and "other [prison] staff members." The complaint is devoid of allegations upon which a supervisory liability claim may be based against the named defendants stemming from the actions of "other [prison] staff members." Accordingly, plaintiff fails to state a claim against the Kern County Jail Commander and Sheriff.

II..    Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   February 25, 2008                    /s/ Dennis L. Beck**

8

UNITED STATES MAGISTRATE JUDGE